IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01935-PAB-MEH

SCOTT NAGLE,

      Plaintiff,

v.

SHERIFF TED MINK, in his official and individual capacities,
UNDERSHERIFF RAY FLEER, in his individual capacity,
CHIEF JEFFREY SHRADER, in his individual capacity, and
CAPTAIN PATRICIA WOODIN, in her individual capacity,

      Defendants.

---

## ORDER ON MOTION TO STRIKE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Strike Plaintiff's Expert Disclosures [filed June 24, 2011; docket #35]. The matter is referred to this Court for disposition. Docket #36. The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow, the Court **grants in part and denies in part** Defendants' motion.

I.      **Background**

In this lawsuit, Plaintiff alleges employment discrimination by Defendants under the Americans With Disabilities Act ("ADA"). *See* docket #13. Plaintiff's claim of disability is based on his status and condition as a Type II diabetic.

Pursuant to Fed. R. Civ. P 26(a)(2), Plaintiff's "Initial Expert Disclosures" identified one "retained" and five "non-retained" experts. *See Plaintiff's Initial Expert Disclosures*, docket #35-1. Plaintiff's "non-retained" experts are two medical doctors, one nurse, one psychologist, and one counselor. All have allegedly treated Plaintiff for diabetes. Plaintiff also disclosed "any expert

necessary for rebuttal" and "any other individual that has expert knowledge of the issues in this case that may become known through continuing discovery." *Id.* at 7.

The first two "non-retained" experts, Dr. Jonathan A. Albert, M.D. ("Dr. Albert") and Dr. David Kaufman ("Dr. Kaufman"), serve as Plaintiff's primary care physicians. Both have provided treatment for Plaintiff's diabetes. Plaintiff disclosed that both Dr. Albert and Dr. Kaufman will "provide an opinion on Plaintiff's diagnosis of diabetes...[and] on how diabetes affects a person's major life activity, specifically one's ability to work." *Id.* at 2-3. They will also "opine on [their] observations on how diabetes has affected the Plaintiff." *Id.* According to the disclosure, the opinions of Dr. Albert and Dr. Kaufman are "based on [their] review of Plaintiff's medical history; specific conversations [they] had with the Plaintiff and [their] experience as [ ] medical doctor[s] diagnosing and treating diabetes." *Id.* at 2-4.

The third "non-retained" expert is Norma Prudhomme, RN ("Ms. Prudhomme"). Ms. Prudhomme works as a registered nurse under Dr. Kaufman and has assisted Dr. Kaufman in treating the Plaintiff. *Id* at 4. Plaintiff disclosed that Ms. Prudhomme will "opine on how diabetes has affected the Plaintiff" and "how Plaintiff's medical treatment has affected the Plaintiff." *Id.* Plaintiff's disclosure also claims that "Ms. Prudhomme's opinions are to a reasonable degree of medical certainty that Plaintiff has diabetes and that such diabetes affected a major life activity." *Id.* Like Drs. Albert and Kaufman, Ms. Prudhomme's opinion is based on "her review of Plaintiff's medical history, specific conversations she had with the Plaintiff and her experience as a registered nurse diagnosing and treating diabetes." *Id.*

The fourth "non-retained" expert, Dr. Edward Cable ("Dr. Cable"), has provided the Plaintiff with psychological treatment related to his diabetes. *Id.* at 4. Plaintiff disclosed that Dr. Cable "will provide an opinion on Plaintiff's diagnosis of diabetes," "will opine on how diabetes affects a person's major life activity, specifically one's ability to work," and "will opine on his observations

2

on how diabetes has affected the Plaintiff." *Id.* at 5. Dr. Cable is also expected to testify concerning "how Plaintiff was effected [sic], emotionally, from being terminated ...." *Id.* The disclosure claims that "Dr. Cable's opinions are to a reasonable degree of psychological certainty that Plaintiff has diabetes and that such diabetes affected a major life activity." *Id.* This opinion is "based on [Dr. Cable's] review of Plaintiff's medical history; specific conversations he had with the Plaintiff and his experience as a psychologist treating patients with diabetes and treating emotional distress." *Id.*

Plaintiff's final "non-retained" expert is Laurie Muntean, MA, MS ("Ms. Muntean"). Plaintiff's disclosure does not identify Ms. Muntean's occupation, but states that she has "treat[ed] Plaintiff regarding his diabetes diagnosis" and has developed a psychological opinion on his diabetes and its effects. *Id.* at 5-6. Plaintiff further disclosed that Ms. Muntean "will opine on how diabetes affects a person's major life activity, specifically one's ability to work...[and] on how diabetes has affected the Plaintiff." *Id.* at 5. Like Dr. Cable, Ms. Muntean "will testify how Plaintiff was effected [sic], emotionally, from being terminated ...." *Id.* Ms. Muntean's opinions are "based on her review of Plaintiff's medical history; specific conversations she had with the Plaintiff and her experience as a psychologist treating patients with diabetes and treating emotional distress." *Id.*

Defendants move to strike the disclosures and exclude the expert testimony of all five "non-retained" experts. Defendants dispute Plaintiff's "non-retained" designations and argue that Dr. Albert, Dr. Kaufman, Ms. Prudhomme, Dr. Cable, and Ms. Muntean are actually retained experts required to file written reports in accordance with Fed. R. Civ. P. 26(a)(2)(B). Defendants note, and Plaintiff does not dispute, that no such reports were filed.

Plaintiff asserts that his experts are properly designated as non-retained because they are "treating health care professionals ... [who] will opine only on their own observations." *Response*, docket #44, 2. In light of this status, Plaintiff argues the "non-retained" experts were not subject to Fed. R. Civ. P. 26(a)(2)(B) and, thus, no reports were required. Instead, Plaintiff claims he need

only provide "the subject matter" of the testimony and "a summary of the facts and opinions" of the experts in compliance with Fed. R. Civ. P. 26 (a)(2)(C).

Plaintiff contends that his disclosures satisfy the requirements of Fed. R. Civ. P. 26 (a)(2)(C). Defendants disagree.  Arguing in the alternative, Defendants assert that even if the experts were properly designated as non-retained and, therefore, not required to file reports, Plaintiff's disclosure fails to provide sufficient information under Fed. R. Civ. P 26(a)(2)(C).   In light of these alleged failures, Defendants move to exclude the expert testimony of Dr. Albert, Dr. Kaufman, Ms. Prudhomme, Dr. Cable, and Ms. Muntean in accordance with Fed. R. Civ. P. 37(c)(1).  Defendants also move to strike the so-called  "catch-all" designation of any unnamed expert.

## II.    Analysis

Rule 26(a)(2)(A) requires a party to "disclose to the to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Depending upon the nature of the witness, a party may also need to disclose additional information. Fed. R. Civ. P. 26 (a)(2)(B) provides in part that if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be supplemented by a written report. For all other witnesses, parties are required to disclose only "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

The Court notes at the outset that Rule 26(a)(2) addresses only the sufficiency of the disclosure.  Compliance with Rule 26(a)(2) does not resolve whether witnesses are qualified  under Fed. R. Evid. 702 or whether their testimony is admissible at trial.  Defendants' motion was brought pursuant to Rule 26(a)(2), and the Court will limit its analysis accordingly.

This Court has traditionally employed a burden-shifting procedure for determining whether the requirements of Rule 26(a)(2) have been satisfied . *Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *1 (D. Colo. June 17, 2010) (unpublished) ("[I]t is clear that some showing must be made to distinguish an expert witness not required to file a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B). *Id.* The burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and, thus, no report was required. *Id.*

Ordinarily, physicians providing a party with medical treatment are designated as non-retained and, thus, are exempt from the report requirement. *Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (unpublished) ("In general, treating physicians do not come within the purview of [the Rule 26(a)(2)(B)] requirement."). Because treating physicians presumably keep medical records documenting their observations, findings, and treatment regimes, a written report would usually be unnecessary. *See Scholl v. Pateder*, No. 09-cv-02959-PAB-KLM, 2011 WL 2473284, at *3 (D. Colo. June 22, 2011) (unpublished).

Although a witness' records as a treating physician may, in some instances, obviate the need for a report, "[i]t is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Trejo*, 2007 WL 2221433 at *2 (quoting *Harvey v. United States of America*, CIV A04CV00188WYDCBS, 2005 WL 3164236, at *8 (D. Colo. Nov. 28, 2005) (unpublished)). When a witness' testimony is limited to "his observations, diagnosis and treatment of a patient, the physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training." *Griffith v. Northeast Ill. Reg'l Commuter R.R. Corp.*, 233

5

F.R.D. 513, 518 (N.D. Ill. 2006).   Under these circumstances, no Rule 26(a)(2)(B) report is necessary. *Id.*  However, when a witness "opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it...and [is] giving an opinion formed because there is a lawsuit." *Id.*  A similar conclusion may be reached when a witness is asked to review the records of another health care provider in order to formulate his or her own opinion on the appropriateness of care. *Trejo*, 2007 WL 2221433 at *1-*2 (quoting *Wreath v. Kansas*, 161 F.R.D. 448, 450 (D. Kan. 1995)).   In both instances, the witness is considered "retained or employed" under Rule 26(a)(2)(B) and must file a written report accordingly. *Id.*

A.      Propriety of the Designations

Turning to the case at hand, the Court finds that Defendants have met their initial burden of showing that no Rule 26(a)(2)(B) reports were filed by Plaintiff's "non-retained" witnesses. Plaintiff does not contend otherwise.   Thus, the Court shifts its analysis to whether Plaintiff has demonstrated that his disclosed witnesses are properly designated as non-retained.   The Court will address each category of witnesses in turn.

1.      Dr. Albert and Dr. Kaufman

Reviewing the disclosed summaries of  Dr. Albert and Dr. Kaufman, the Court finds both witnesses properly designated as non-retained and, thus, exempt from the Rule 26(a)(2)(B) report requirement.   Plaintiff discloses that both Dr. Albert and Dr. Kaufman treated him for diabetes and will testify based on  "[their] review of Plaintiff's medical history; specific conversations [they] had with the Plaintiff and [their] experience as medical doctor[s] diagnosing and treating diabetes." *See Plaintiff's Initial Expert Disclosures*, 2-3.  Though Dr. Albert and Dr. Kaufman will render opinion testimony regarding the effect of Plaintiff's condition on a "major life activity," such testimony is within the scope of the Plaintiff's treatment and the doctors' "personal involvement." *See Griffith*, 233 F.R.D. at 518.   On its face, the disclosed testimony of Dr. Albert and Dr. Kaufman is

appropriately limited to "what [the doctors] saw and did and why [they] did it." *See id.* As such, Dr. Albert and Dr. Kaufman are properly designated as non-retained witnesses and need only provide disclosures in accordance with Rule 26(a)(2)(C).[1]

　　　　2.　　Ms. Prudhomme

Plaintiff disclosed that Ms. Prudhomme participated in Plaintiff's treatment by assisting Dr. Kaufman and will testify regarding "her observations on how diabetes has affected the Plaintiff." *See Plaintiff's Initial Disclosures*, 4. Ms. Prudhomme will also offer an opinion regarding the effect of Plaintiff's medical treatments. It is unclear whether Ms. Prudhomme will testify regarding the effect of diabetes on a "major life activity," although it appears from the disclosure that Ms. Prudhomme has formulated an opinion on that subject with respect to Plaintiff. The Court finds that Ms. Prudhomme may testify as a non-retained witness regarding her observations and opinions developed during the course of Plaintiff's treatment. However, because she did not provide a report as required by Fed. R. Civ. P. 26(a)(2)(B) and has not been disclosed as a retained expert, she may not base her testimony on information or opinions of other health care providers other than those doctors with whom she worked to treat Plaintiff. *See Trejo*, 2007 WL 2221433 at *1-*2. Whether Ms. Prudhomme is independently qualified to offer expert opinion testimony is a separate inquiry that is properly resolved under Fed. R. Evid. 702, 703, and 704.

　　　　3.　　Dr. Cable

The Court finds that Dr. Cable is properly designated as a non-retained expert. Plaintiff disclosed that Dr. Cable has provided him with psychological treatment related to his diabetes and

---

[1]Plaintiff's disclosure does not indicate that Drs. Albert or Kaufman have reviewed or will offer opinions regarding the work of other health care providers. The Court assumes they will not and, because they failed to submit reports required by Fed. R. Civ. P. 26(a)(2)(B), hereby limits the testimony of Drs. Albert and Kaufman to information gathered for the purpose of Plaintiff's medical treatment. *See Trejo*, 2007 WL 2221433 at *1-*2.

has spoken with him regarding the employment termination. *See Plaintiff's Initial Disclosures,* 4-5. As matters for which the Plaintiff sought counseling, Dr. Cable's disclosed opinions regarding the effect of diabetes on Plaintiff and the emotional impact of the employment termination are within the scope the psychological treatment Dr. Cable rendered. Dr. Cable's proposed testimony regarding "how diabetes affects a person's major life activity, specifically one's ability to work" is outside the scope of the Plaintiff's treatment and will not be permitted so long as Dr. Cable remains designated as non-retained. *Id.* at 4.

The Court notes that Dr. Cable's opinions are based, in part, on "Plaintiff's medical history." *Id.* at 5. Although it is unclear what this "medical history" includes, the Court acknowledges the possibility that Dr. Cable may have accessed medical records or reports prepared by other doctors. Standing alone, this does not affect Dr. Cable's designation as a non-retained expert, provided Dr. Cable accessed the reports for the purpose of providing the Plaintiff with psychological treatment. *See Trejo*, 2007 WL 2221433 at *1-*2. Any opinions formed based on Dr. Cable's post-treatment review of medical records would render Dr. Cable a retained expert required to submit a Rule 26(a)(2)(B) report. *Id.* Provided Dr. Cable's testimony is limited to what "he saw and did and why he did it," the Court finds he is properly designated as non-retained and, thus, exempt from the report requirement. *See Griffith*, 233 F.R.D. at 518.

4.     Ms. Muntean

Plaintiff's disclosure does not indicate Ms. Muntean's official occupation; however, the Court construes Ms. Muntean to be a counselor or therapist of some sort. Like Dr. Cable, Ms. Muntean appears to have provided Plaintiff with psychological treatment for his diabetes and employment termination. *See Plaintiff's Initial Disclosures*, 6-7. Plaintiff disclosed that Ms. Muntean will testify regarding her observations and opinions of these matters. *Id.* While Ms. Muntean is properly designated as non-retained insofar as her testimony is limited to "what [she]

8

saw what [she] did, and why [she] did it," any generalized opinions of Ms. Muntean relating to "how diabetes affects a person's major life activity" exceed the scope of her designation and will not be permitted without a report. *See Griffith*, 233 F.R.D. at 518.

The Court reiterates two earlier points related to Ms. Muntean's qualifications and her reliance on Plaintiff's medical history. First, like Ms. Prudhomme, Ms. Muntean's qualifications are not clear from the face of the disclosure. While the Court is unsure whether the entirety of Ms. Muntean's disclosed testimony is admissible under Fed. R. Evi. 702, 703, and 704, it does not find Ms. Muntean's apparent lack of qualification dispositive under Fed. R. Civ. P. 26(a)(2). Second, Ms. Muntean's reliance on Plaintiff's "medical history" has the same effect as Dr. Cable's. If Ms. Muntean viewed the reports and opinions of other health care professionals with the purpose of treating Plaintiff, Ms. Muntean retains her designation as non-retained. However, if Ms. Muntean's use of Plaintiff's medical history was for the purpose of developing opinions beyond the scope of Plaintiff's treatment, she will not be permitted to offer those opinions absent a Rule 26(a)(2)(B) report. *See Trejo*, 2007 WL 2221433 at *1-*2.

Defendants raise other concerns regarding the timing of Plaintiff's treatment, arguing that Dr. Kaufman, Ms. Prudhomme, Dr. Cable, and Ms. Muntean are retained for litigation because they did not begin treating Plaintiff until after his employment was terminated. The Court finds this temporal distinction unpersuasive and declines to adopt a *per se* rule of this kind. The issue under Rule 26(a)(2)(B) is not *when* a plaintiff procured the assistance of a witness, but rather *why*. If a witness was procured for purposes of treatment and his or her opinions are limited accordingly, the witness is properly designated as non-retained and need not file a written report. *See Griffith*, 233 F.R.D. at 518. While Defendants remain free to question the admissibility of the witnesses' testimony on other grounds at a later date, the Court does not find the timing of the treatment relevant to a determination under Rule 26(a)(2)(B).

B.      Propriety of the Disclosure

Finding that the Plaintiff's "non-retained" witnesses are properly designated and exempt from the report requirement of Rule 26(a)(2)(B), the Court turns to whether Plaintiff's disclosures satisfy Rule 26(a)(2)(C). The requirements of Rule 26(a)(2)(C) "differ substantially from the more detailed expatiation required of a report provided by a retained expert." *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011) (unpublished). Under Rule 26(a)(2)(C), parties must provide "a summary of facts and opinions to which the expert will testify." *Id.* Having reviewed the disclosures of Dr. Albert, Dr. Kaufman, Ms. Prudhomme, Dr. Cable, and Ms. Muntean, the Court finds Plaintiff has met this requirement.

III.    **Conclusion**

For the reasons stated above, Defendants' Motion to Strike Plaintiff's Expert Disclosures [filed June 24, 2011; docket #35] is **granted in part and denied in part**. Defendants' motion under Rule 26(a) to strike the disclosures and exclude in total the expert testimony of Dr. Albert, Dr. Kaufman, Ms. Prudhomme, Dr. Cable, and Ms. Muntean is denied. However, the motion is granted to the extent that the testimony of Plaintiff's witnesses is limited as directed by this Order. Finally, because they do not comply with the requirements of Fed. R. Civ. P. 26(a)(2) and Plaintiff makes no argument in this regard, Plaintiff's so-called "catch-all" designations are stricken.

Dated at Denver, Colorado, this 29th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge